Russell J. Singer
P.O. Box 485
Laguna Beach, California 92652
Telephone: (949) 280-4336
Email: russell@adobejudgmentcollections.com
Judgment Creditor, in pro per

FILED
CLERK, U.S. DISTRICT COURT
10/7/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: ang DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RUSSELL J. SINGER, substituted Plaintiff and Judgment Creditor (assignee of Lenard E. Schwartzer, Chapter 7 Trustee),

v.

DANYELLE RAMIREZ,

Defendant and Judgment Debtor.

Case No. 2:22-cv-09278-RGK-MAR
Hon. R. Gary Klausner

**DECLARATION OF RUSSELL J. SINGER IN SUPPORT OF NOTICED APPLICATION FOR ORDER FOR SALE OF DWELLING; EXHIBIT INDEX**

Hearing: Monday, November 9, 2026, at 9:00 a.m.
Courtroom 850, 8th Floor
Hon. R. Gary Klausner

## DECLARATION OF RUSSELL J. SINGER

I, Russell J. Singer, declare:

1. I am the substituted plaintiff and judgment creditor in this action under the Court's order of June 8, 2026 (ECF No. 23), as assignee of Lenard E. Schwartzer, Chapter 7 Trustee. I appear without an attorney. I have personal knowledge of the facts stated in this declaration and in the Verified Application filed herewith, except those stated on information and belief, which I believe to be true on the bases stated, and if called as a witness I could testify to them.

2. The exhibits identified in the Exhibit Index following this declaration are true and correct copies of the documents they are described to be. Exhibits A, C, I and J are copies of recorded instruments and court records; Exhibit B is the litigation guarantee I obtained from Lawyers Title; Exhibit D is the judgment; Exhibit E is the complaint on which it was entered; and Exhibit P is Lawyers Title's October 2, 2026 publication date-down endorsement to that guarantee. In Exhibits A through K, residential street addresses and ZIP codes were redacted in the public copies filed on September 15, 2026, and the same copies are re-submitted.

3. No payment has been received on the judgment from any source since the writ of execution issued on August 6, 2026. The figures in paragraph 3 of the Verified Application are taken from the writ (ECF No. 27); the amount as of October 5, 2026 is the writ balance plus 60 days of the daily interest stated in the writ.

4. I have searched my records and have not located a Notice to Judgment Creditor of Levy on Dwelling under section 704.750(a) addressed to me in this action. I received the notice in Singer v. Hutchings, No. 2:22-cv-09142-RGK-JPR, on or about September 21, 2026. It was dated and mailed September 17, 2026. A true copy is Exhibit Q.

5. Copies of my applications of September 15, 2026 in this action and in Singer v. Hutchings, No. 2:22-cv-09142-RGK-JPR, were delivered by email to the Marshals Service on September 16, 2026, and the Marshals Service confirmed receipt of "the filed applications" on September 17, 2026. A true copy of that confirmation is Exhibit M. A file-stamped copy of this application is being delivered to the Marshals Service on the day it is filed. On October 1, 2026, in response to an inquiry from my office, the Civil Division of the Marshals Service confirmed by letter that the levies in this action and in Singer v. Hutchings, No. 2:22-cv-09142-RGK-JPR (USMS File Nos. D12-CV-23-000058 and D12-

CV-23-000060), remain active and have not been released, and that no release is pending as a result of the Court's September 21, 2026 order. A true copy of that letter and of its transmittal email is Exhibit O.

6. On October 5, 2026, I personally retrieved the Los Angeles County Assessor's parcel record for APN 5465-009-016 from portal.assessor.lacounty.gov. Exhibit L is a prepared extract bearing an October 2, 2026 retrieval date, rather than a printout of the portal. I confirmed that the record shows the information summarized in that extract, including "Exemption: None" and "Tax Status: CURRENT." The Assessor's records are effective September 25, 2026.

7. The statements in paragraphs 10 through 13 of the Verified Application concerning the Assessor's records, the homestead, the liens and encumbrances, and the nature of the debt are true to my knowledge and, where so stated, on information and belief on the bases there set out. The property-tax figure for 2026–2027 is an estimate computed as stated; the actual bill was not available when the County's records were retrieved.

8. The judgment debtor's 25 percent interest is vested in her own name as her sole and separate property under the deed that is Exhibit A; no trust holds that interest.

9. I have not received any claim of exemption, homestead declaration, or other communication from the judgment debtor concerning the Dwelling.

10. I am not aware of any bankruptcy case pending for the judgment debtor. A PACER bankruptcy search run on October 2, 2026 disclosed no pending case.

11. The co-owners of the Dwelling and the related judgments are as stated in paragraph 14 of the Verified Application. No levy has been made on the interest of Bryan Centola, and no sale of that interest is requested.

12. I request that the Court coordinate the hearing on this application with the hearing on the parallel application in Singer v. Hutchings, No. 2:22-cv-09142-RGK-JPR, which is being filed at the same time.

13. A copy of this application, with the notice of motion, the memorandum, this declaration and the exhibits, and the lodged proposed orders, is being served on the judgment debtor by first-class mail at her last known address in Lancaster, California and at the Dwelling, on the date shown in the attached proof of service. When the Court issues its order to show cause, I will serve the order to show cause, this application and Judicial Council Form EJ-180 on the judgment debtor and the occupant as section 704.770(b) requires and will file proof of that service.

14. On October 1, 2026, I caused a Local Rule 7-3 request to be mailed first class to the debtor at her last known address in Lancaster, California and at the Dwelling, seeking contact by October 5, 2026. Exhibit N contains the retained request marked "FINAL DRAFT — NOT SENT" and the mailing receipt. The request was mailed as stated. I have received no response as of this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing, and the facts stated in the Verified Application filed herewith, are true and correct.

Executed on October 6, 2026, at Laguna Beach, California.

Russell J. Singer [signature]

Russell J. Singer

Judgment Creditor, in pro per

## EXHIBIT INDEX

Exhibits A through K are the exhibits filed with Applicant's application of September 15, 2026 and are re-submitted with this application. Exhibits L through Q are new.

Exhibit A — Quitclaim deed recorded April 12, 2018, Los Angeles County Instrument No. 20180355773 (residential street address and ZIP redacted per L.R. 5.2-1)

Exhibit B — Litigation Guarantee No. LTTSG2601519 (Lawyers Title), effective August 3, 2026, Schedules A, B and C

Exhibit C — Writ of Execution (ECF No. 27), recorded Notice of Levy (Instrument No. 20260647224), and the Marshal's August 31, 2026 return

Exhibit D — Judgment entered March 28, 2022, Bankr. D. Nev. Adv. No. 21-01200-ABL

Exhibit E — Operative complaint in Adv. No. 21-01200-ABL

Exhibit F — Los Angeles County Assessor and Treasurer-Tax Collector extracts retrieved September 11, 2026

Exhibit G — Federal post-judgment interest rate table (judgments entered March 28 – April 3, 2022)

Exhibit H — Excerpt, Book 808, page 126, Official Records of Los Angeles County

Exhibit I — Order substituting judgment creditor, entered June 8, 2026 (ECF No. 23)

Exhibit J — Judgment against Bryan Centola and Oomph Mode, Inc.

Exhibit K — Title correspondence of August 19–20, 2026 and executed guarantee application

Exhibit L — Los Angeles County Assessor prepared extract, APN 5465-009-016, dated October 2, 2026 (records effective September 25, 2026)

Exhibit M — United States Marshals Service email of September 17, 2026 confirming receipt of the filed applications for order for sale

Exhibit N — Applicant's Local Rule 7-3 letter to the judgment debtor, with proof of mailing

Exhibit O — United States Marshals Service, Civil Division, letter of October 1, 2026 confirming that the levies (USMS File Nos. D12-CV-23-000058 and D12-CV-23-000060) remain active and have not been released, with the transmittal email of October 1, 2026

Exhibit P — Lawyers Title Publication Date-Down Endorsement to Litigation Guarantee No. LTTSG2601519, dated October 2, 2026

Exhibit Q — USMS Notice to Judgment Creditor of Levy on Dwelling in Singer v. Hutchings, File No. D12-CV-23-000058, dated and mailed September 17, 2026

# EXHIBIT A

## Quitclaim Deed Dated March 14, 2018; Recorded April 12, 2018

Los Angeles County instrument no. 20180355773; home streets and ZIP codes omitted under C.D. Cal. L.R. 5.2-1. Names, city/state, APN, vesting, legal description, and recording data remain.

*2:22-cv-09278-RGK-MAR*

This page is part of your document - DO NOT DISCARD

**20180355773**

Pages: 0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/12/18 AT 02:07PM

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 103.00 |

LEADSHEET

201804122850072

**00015056511**

008990396

**SEQ: 01**

DAR - Mail (Intake)

**THIS FORM IS NOT TO BE DUPLICATED**

E534541

**RECORDING REQUESTED BY**
**AND WHEN RECORDED MAIL TO:**
Dale K. Bethel, Esq.
BETHEL LAW CORPORATION
631 New Jersey Street, Suite 101
Redlands, CA 92373

Document Number:15056511
Batch Number:8990396

**APN: 5465-009-016**

Property located in Los Angeles County. The Undersigned Transferor Declares Documentary Transfer Tax to be $0. This is a bonafide gift and the grantor received nothing in return, R&T 11911.

# QUITCLAIM DEED

For NO CONSIDERATION, **Dianne J. Hutchings, as Successor Trustee of The Preston Revocable Living Trust, dated April 22, 2004** (the "**Trust**") hereby remises, releases, and quitclaims:

- Fifty percent (50%) to **Dianne J. Hutchings, as Trustee of the Hutchings Family Trust, dated February 21, 2018,** FBO Dianne J. Hutchings;
- Twenty-Five percent (25%) to **Bryan Centola**, also known as Damiano Centola, a married man as his sole and separate property; and,
- Twenty-Five percent (25%) to **Danyelle D. Ramirez**, a married woman as her sole and separate property;

all of the Trust's right, title, and interest in and to that certain real property situated in the County of Los Angeles, State of California, commonly known as [redacted] Los Angeles, CA [redacted] and more specifically described as follows:

"Lot 107 of Le Moyne Terraces Tract No. 2, as per map recorded In Book 9 Page 118 of Maps, in the Office of the County Recorder of said County."

Dated: March 14, 2018.

**Dianne J. Hutchings**, Successor Trustee
**The Preston Revocable Living Trust**
*dated April 22, 2004*

1

MAIL TAX STATEMENTS AS FOLLOWS: **Dianne J. Hutchings** et al.
[redacted]
Victorville, CA [redacted]

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
) SS.
COUNTY OF SAN BERNARDINO )

On March 14, 2018 before me, D. Bethel, a Notary Public, personally appeared **Dianne J. Hutchings**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NOTARY PUBLIC

D. BETHEL
Notary Public – California
San Bernardino County
Commission # 2229650
My Comm. Expires Jan 27, 2022

# EXHIBIT B

Title Search Schedules and
Historical Return Addresses

Commonwealth guarantee LTTSG2601519, dated August 3, 2026
Schedule A, full Schedule B, selected judgment entries,
and historical Schedule C source pages 12–25.
Private residential street addresses and ZIP codes omitted.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

**GUARANTEE NO. LTTSG2601519**

| ISSUING OFFICE: |
|---|
| Title Officer: Pat Hilyard Title TSG<br>Lawyers Title Company<br>5000 Birch Street, Suite 1000<br>Newport Beach, CA 92660<br>Main Phone: 949-223-5575<br>Email: pat.hilyard@ltic.com |

**THIS GUARANTEE IS BEING ISSUED IN ACCORDANCE WITH THE ATTACHED "APPLICATION FOR THE ISSUANCE OF A LITIGATION GUARANTEE" ("Application") AND IS NOT VALID UNLESS A COMPLETE, EXECUTED VERSION OF THE APPLICATION IS ATTACHED HERETO.**

## SCHEDULE A

| Amount of Liability | Fee | Title Officer |
|---|---|---|
| $300,000.00 | $914.00 | Pat Hilyard Title TSG |

Client Ref. No.: [redacted]

Date of Guarantee: August 3, 2026 at 07:30 AM

1. The Assured is: Russell J. Singer

2. The estate or interest in the Land that is the subject of this guarantee is:

   A Fee

3. The Land is described as follows:

   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

4. This guarantee is furnished solely for the purpose of facilitating the filing of an action to start levying process with sheriff (the "Litigation").

5. ASSURANCES:

   According to the documents recorded in the Public Records between the date of 01/02/1947 - 08/03/2026 (the "Start Date", as designated in the Application) and the Date of Guarantee (the "Search Period"),

   a. The Title is vested in:

      Maurice C. Beezley and Harold J. Arni, both single men, as joint tenants, subject to Item No. 6, 7, 9, 10, 11, 12, 13 and 14 of Schedule B (the "Vestee(s)")

      based upon the following document(s):

      June 7, 1972 as Recording No. 2401, of Official Records

   b. Except for the matters shown in Schedule B, which matters are not necessarily shown in their order of priority, there are no defects, liens, encumbrances or other matters affecting the Title recorded in the Public Records within the Search Period.

   c. The Vestee(s) shown in Item 5.a. of Schedule A, and the current interest holders claiming some right, title or interest in the Land by reason of the matters shown in Schedule B, may be necessary parties to the Litigation.

   d. The return address for mailing after recording ("Return Address"), if shown and legible, for each document referred to in Item 5.a. of Schedule A, and for each document referred to in Schedule B by specific recording information, are shown in Schedule C.

**END OF SCHEDULE A**

# EXHIBIT "A"

Legal Description

**For APN/Parcel ID(s): 5465-009-016**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 107 OF LE MOYNE TERRACES TRACT NO. 2, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 9 PAGE 118 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Note: For information purposes only, the purported street address of said land as determined from the latest County Assessor's Roll is:

[redacted] Los Angeles, California

The Assessor's Parcel Number, as determined from the latest County Assessor's Roll is:

5465-009-016

An inspection of said land has not been made, and no assurances are hereby given or implied as to the location of the land herein described.

## SCHEDULE B

1. Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2026-2027.

2. The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A or as a result of changes in ownership or new construction occurring prior to Date of Policy.

3. Water rights, claims or title to water, whether or not disclosed by the Public Records.

4. Easement(s) for the purpose(s) shown below and rights incidental thereto as set forth in a document:

| | |
|---|---|
| Purpose: | sewers, gas, water pipes and incidentals |
| Recording No: | Book 808, Page 126, of Official Records |
| Affects: | said land more particularly described therein |

5. Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon age, race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

   Recording No.: Book 808, Page 126, of Official Records

   Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

6. A Deed:

| | |
|---|---|
| From: | Maurice C. Beezley, a single man |
| To: | Harold J. Arni, a single man |
| Dated: | June 28, 1973 |
| Recording Date: | August 6, 1973 |
| Recording No: | 2350, of Official Records |

   For insurance purposes, the Company is not willing to divest the interest of the following party(s):

   Party(s): Maurice C. Beezley, a single man

## SCHEDULE B
(continued)

7. A Deed:

From: Harold J. Arni, a single man
To: Harold J. Arni, a single man and Richard D. Preston, a married man as his sole and separate property
Dated: September 16, 1976
Recording Date: September 27, 1976
Recording No: 3492, of Official Records

For insurance purposes, the Company is not willing to divest the interest of the following party(s):

Party(s): Harold J. Arni, a single man

8. Matters contained in that certain document

Entitled: Certificate of Correction
Recording Date: August 20, 1979
Recording No.: 79-923086, of Official Records

Reference is hereby made to said document for full particulars.

9. Matters contained in that certain document

Entitled: Affdavit - Death of Joint Tenant/Spouse
Dated: January 6, 1997
Executed by: Richard D. Preston
Recording Date: January 8, 1997
Recording No.: 97-28636, of Official Records

Reference is hereby made to said document for full particulars.

10. A Deed:

From: Richard D Preston
To: Richard D. Preston, Trustee of The Preston Revocable Living Trust Dated April 22, 2004
Dated: April 22, 2004
Recording Date: May 17, 2004
Recording No: 04-1251408, of Official Records

For insurance purposes, the Company is not willing to divest the interest of the following party(s):

Party(s): Richard D Preston

## SCHEDULE B
(continued)

11. A Deed:

From: Richard D. Preston, a married man as his sole and separate property
To: Richard D. Preston, Trustee of The Preston Revocable Living Trust Dated April 22, 2004
Dated: July 14, 2005
Recording Date: July 18, 2005
Recording No: 05-1688302, of Official Records

For insurance purposes, the Company is not willing to divest the interest of the following party(s):

Party(s): Richard D. Preston, a married man as his sole and separate property

12. Matters contained in that certain document

Entitled: Affidavit - Death of Trustee
Dated: February 21, 2018
Executed by: Dianne J. Hutchings
Recording Date: March 15, 2018
Recording No.: 20180248685, of Official Records

Reference is hereby made to said document for full particulars.

13. A Deed:

From: Dianne J. Hutchings, as Successor Trustee of The Preston Revocable Living Trust, dated April 22, 2004
To: Fifty percent (50%) to Dianne J. Hutchings, as Trustee of the Hutchings Family Trust, dated February 21, 2018, FBO Dianne J. Hutchings; Twenty-Five percent (25%) to Bryan Centola, also known as Damiano Centola, a married man as his sole and separate property; and Twenty-Five percent (25%) to Danyelle D. Ramirez, a married woman as her sole and separate property
Dated: March 14, 2018
Recording Date: April 12, 2018
Recording No: 20180355773, of Official Records

For insurance purposes, the Company is not willing to divest the interest of the following party(s):

Party(s): Dianne J. Hutchings, as Successor Trustee of The Preston Revocable Living Trust, dated April 22, 2004

14. The community interest of the spouse, if any, of the party named below.

Party: Richard D. Preston, Bryan Centola also known as Damiano Centola and Danyelle D. Ramirez

## SCHEDULE B
(continued)

15. A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $119,988.23 |
| Debtor: | Dianne Hutchings |
| Creditor: | Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee |
| Date entered: | October 26, 2022 |
| District: | Central District, State of California |
| Case No: | CV 2:22-cv-09142-RSG (JPRx) |
| Recording Date: | April 24, 2023 |
| Recording No: | 20230262469, of Official Records |

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Order Substituting Judgment Creditor |
| Dated: | June 8, 2026 |
| Executed by: | Russell J. Singer and United States District Court |
| Recording Date: | July 28, 2026 |
| Recording No.: | 20260554818, of Official Records |

Reference is hereby made to said document for full particulars.

16. A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $54,986.08 |
| Debtor: | Danyelle Ramirez |
| Creditor: | Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee |
| Date entered: | October 26, 2022 |
| District: | Central District, State of California |
| Case No: | CV 2:22-cv-9278-PSG-MAR |
| Recording Date: | January 23, 2024 |
| Recording No: | 20240050111, of Official Records |

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Order Substituting Judgment Creditor |
| Dated: | June 8, 2026 |
| Executed by: | Russell J. Singer and United States District Court |
| Recording Date: | July 28, 2026 |
| Recording No.: | 20260554817, of Official Records |

Reference is hereby made to said document for full particulars.

## SCHEDULE B
(continued)

17. A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $119,988.23 |
| Debtor: | Dianne Hutchings |
| Creditor: | Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee |
| Date entered: | October 26, 2022 |
| District: | Central District, State of California |
| Case No: | CV 2:22-cv-09142-PSG (JPRx) |
| Recording Date: | January 23, 2024 |
| Recording No: | 20240050126, of Official Records |

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Order Substituting Judgment Creditor |
| Dated: | June 8, 2026 |
| Executed by: | Russell J. Singer and United States District Court |
| Recording Date: | July 28, 2026 |
| Recording No.: | 20260554818, of Official Records |

Reference is hereby made to said document for full particulars.

The legal description shown herein differs from the legal description shown on the Judgment referred to as Exception No. 17 of this Litigation Guarantee. Please be advised that the legal description shown in the Litigation Guarantee is more accurate in identifying said Land and should be used when typing any documentation.

18. A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $20,000.00 |
| Debtor: | Damiano Bryan Centola |
| Creditor: | Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee |
| Date entered: | October 26, 2022 |
| District: | Central District, State of California |
| Case No: | CV 2:22-cv-09186-PSG-MARx |
| Recording Date: | February 23, 2026 |
| Recording No: | 20260127119, of Official Records |

19. Any bankruptcy proceeding that is not disclosed by the acts that would afford notice as to said Land, pursuant to Title 11 U.S.C. 549 (c) of the Bankruptcy Code of 1978, as amended.

20. This Guarantee is not a commitment or any indication the Company is willing to insure any future purchaser or lender. The Company may have additional exceptions and/or requirements that appear in an offer of insurance and any final policy of title insurance and the Company reserves the right to decline to insure any future purchaser or lender for any reason it may see fit to do so.

**END OF SCHEDULE B**

## SCHEDULE C
(continued)

[redacted]
Los Angeles, CA [redacted]

Danyelle D. Ramirez
c/o Bryan Centola
[redacted]
Los Angeles, CA [redacted]

Recording Information: April 24, 2023 as Recording No. 20230262469, of Official Records
Return Address: Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Brett H. Ramsaur (SBN 281566)
Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Rd, Ste 110
Laguna Hills, CA 92653

Dianne Hutchings
[redacted]
Victorville, CA [redacted]

Recording Information: July 28, 2026 as Recording No. 20260554818, of Official Records
Return Address: Russell J. Singer
PO Box 485
Laguna Beach, CA 92652

## SCHEDULE C
(continued)

Recording Information: January 23, 2024 as Recording No. 20240050111, of Official Records
Return Address: Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Brett H. Ramsaur (SBN 281566)
Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
950 Pacific Ave Ste 1030
Tacoma, WA 98402

Danyelle Ramirez
[redacted]
Lancaster, CA [redacted]

Recording Information: July 28, 2026 as Recording No. 20260554817, of Official Records
Return Address: Russell J. Singer
PO Box 485
Laguna Beach, CA 92652

## SCHEDULE C
(continued)

Recording Information: January 23, 2024 as Recording No. 20240050126, of Official Records
Return Address: Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Brett H. Ramsaur (SBN 281566)
Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
950 Pacific Ave Ste 1030
Tacoma, WA 98402

Dianne Hutchings
[redacted]
Victorville, CA [redacted]

Recording Information: February 23, 2026 as Recording No. 20260127119, of Official Records
Return Address: Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Brett H. Ramsaur (SBN 281566)
Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Damiano Bryan Centola
[redacted]
Los Angeles, CA [redacted]

Any and all parties known to the Plaintiff to have or claim any interest in said land, or whose interest could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof, should also be named as parties defendant.

## END OF SCHEDULE C

## SCHEDULE C

For each document shown in Item 5.a. of Schedule A that provides a legible Return Address, the Return Address is as follows:

Recording Information: June 7, 1972 as Recording No. 2401, of Official Records
Return Address: Maurice C. Beezley

Los Angeles, CA

Harold J. Arni
c/o Maurice C. Beezley

Los Angeles, CA

For each document referred to in Schedule B by specific recording information that provides a legible Return Address, the Return Address is as follows:

## SCHEDULE C
(continued)

Recording Information: Los Angeles County Tax Recorder
Return Address: Maurice C. Beezley

Los Angeles, CA

Harold J. Arni

Los Angeles, CA

Maurice C. Beezley
c/o Dianne J Hutchings TR

Los Angeles, CA

Harold J. Arni
c/o Dianne J Hutchings TR

Los Angeles, CA

Maurice C. Beezley
c/o Hutchings Family Trust

Los Angeles, CA

Harold J. Arni
c/o Hutchings Family Trust

Los Angeles, CA

Maurice C. Beezley
c/o Bryan Centola

Los Angeles, CA

Harold J. Arni
c/o Bryan Centola

Los Angeles, CA

## SCHEDULE C
(continued)

Recording Information: August 6, 1973 as Recording No. 2350, of Official Records
Return Address: Harold J. Arni

Los Angeles, CA

Harold J. Arni

Los Angeles, CA

Harold J. Arni
c/o Dianne J Hutchings TR

Los Angeles, CA

Harold J. Arni
c/o Hutchings Family Trust

Los Angeles, CA

Harold J. Arni
c/o Bryan Centola

Los Angeles, CA

## SCHEDULE C
(continued)

Recording Information: September 27, 1976 as Recording No. 3492, of Official Records
Return Address: Harold J. Arni

Los Angeles, CA

Richard D. Preston

Los Angeles, CA

Harold J. Arni

Los Angeles, CA

Richard D. Preston

Los Angeles, CA

Harold J. Arni
c/o Dianne J Hutchings TR

Los Angeles, CA

Richard D. Preston
c/o Dianne J Hutchings TR

Los Angeles, CA

Harold J. Arni
c/o Hutchings Family Trust

Los Angeles, CA

Richard D. Preston
c/o Hutchings Family Trust

Los Angeles, CA

Harold J. Arni
c/o Bryan Centola

Los Angeles, CA

Richard D. Preston
c/o Bryan Centola

Los Angeles, CA

## SCHEDULE C
(continued)

Recording Information: January 8, 1997 as Recording No. 97-28636, of Official Records
Return Address: Richard D. Preston

Los Angeles, CA

Richard D. Preston
c/o Dianne J Hutchings TR

Los Angeles, CA

Richard D. Preston
c/o Hutchings Family Trust

Los Angeles, CA

Richard D. Preston
c/o Bryan Centola

Los Angeles, CA

Recording Information: May 17, 2004 as Recording No. 04-1251408, of Official Records
Return Address: Richard D. Preston, Trustee

Los Angeles, CA

Richard D. Preston, Trustee
c/o Phillip J Holman
Attorney at Law
316 West Foothill Boulevard
Monrovia, CA 91016

Richard D. Preston, Trustee
c/o Dianne J Hutchings TR

Los Angeles, CA

Richard D. Preston, Trustee
c/o Hutchings Family Trust

Los Angeles, CA

Richard D. Preston, Trustee
c/o Bryan Centola

Los Angeles, CA

## SCHEDULE C
(continued)

Recording Information: July 18, 2005 as Recording No. 05-1688302, of Official Records
Return Address: Richard D. Preston, Trustee

Los Angeles, CA

Richard D. Preston, Trustee
c/o Phillip J. Holman
Attorney at Law
316 West Foothill Boulevard
Monrovia, CA 91016

Richard D. Preston, Trustee
c/o Dianne J Hutchings TR

Los Angeles, CA

Richard D. Preston, Trustee
c/o Hutchings Family Trust

Los Angeles, CA

Richard D. Preston, Trustee
c/o Bryan Centola

Los Angeles, CA

## SCHEDULE C

(continued)

## SCHEDULE C
(continued)

Recording Information: March 15, 2018 as Recording No. 20180248685, of Official Records

Return Address:

Dianne J. Hutchings
c/o Dianne J. Hutchings, Successor Trustee

Victorville, CA

Dianne J. Hutchings, Successor Trustee

Victorville, CA

Dianne J. Hutchings
c/o Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Dianne J. Hutchings
c/o Dianne J. Hutchings, Successor Trustee
Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Dianne J. Hutchings, Successor Trustee
c/o Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Dianne J. Hutchings

Los Angeles, CA

Dianne J. Hutchings
c/o Dianne J. Hutchings, Successor Trustee

Los Angeles, CA

Dianne J. Hutchings, Successor Trustee

Los Angeles, CA

Dianne J. Hutchings
c/o Dianne J. Hutchings TR

Los Angeles, CA

## SCHEDULE C
(continued)

Dianne J. Hutchings
c/o Hutchings Family Trust

Los Angeles, CA

Dianne J. Hutchings
c/o Bryan Centola

Los Angeles, CA

Dianne J. Hutchings
c/o Dianne J. Hutchings, Successor Trustee
Dianne J. Hutchings TR

Los Angeles, CA

Dianne J. Hutchings
c/o Dianne J. Hutchings, Successor Trustee
Hutchings Family Trust

Los Angeles, CA

Dianne J. Hutchings
c/o Dianne J. Hutchings, Successor Trustee
Bryan Centola

Los Angeles, CA

Dianne J. Hutchings, Successor Trustee
c/o Dianne Hutchings TR

Los Angeles, CA

Dianne J. Hutchings, Successor Trustee
c/o Hutchings Family Trust

Los Angeles, CA

Dianne J. Hutchings, Successor Trustee
c/o Bryan Centola

Los Angeles, CA

## SCHEDULE C

(continued)

## SCHEDULE C
(continued)

Recording Information: April 12, 2018 as Recording No. 20180355773, of Official Records
Return Address: Dianne J. Hutchings, Trustee

Los Angeles, CA

Dianne J. Hutchings, Trustee
c/o Dianne J. Hutchings

Victorville, CA

Dianne J. Hutchings, Trustee
c/o Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Bryan Centola

Los Angeles, CA

Bryan Centola
c/o Dianne J. Hutchings

Victorville, CA

Bryan Centola
c/o Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Bryan Centola
c/o Damiano Centola

Los Angeles, CA

Bryan Centola
c/o Damiano Centola
Dianne J. Hutchings

Victorville, CA

Bryan Centola
c/o Damiano Centola
Dale K. Bethel, Esq.
Bethel Law Corporation

## SCHEDULE C
(continued)

631 New Jersey Street, Suite 101
Redlands, CA 92373

Damiano Centola

Los Angeles, CA

Damiano Centola
c/o Dianne J. Hutchings

Victorville, CA

Damiano Centola
c/o Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Danyelle D. Ramirez

Los Angeles, CA

Danyelle D. Ramirez
c/o Dianne J. Hutchings

Victorville, CA

Danyelle D. Ramirez
c/o Dale K. Bethel, Esq.
Bethel Law Corporation
631 New Jersey Street, Suite 101
Redlands, CA 92373

Dianne J. Hutchings, Trustee
c/o Dianne J Hutchings TR

Los Angeles, CA

Dianne J. Hutchings, Trustee
c/o Hutchings Family Trust

Los Angeles, CA

Dianne J. Hutchings, Trustee
c/o Bryan Centola

## SCHEDULE C
(continued)

Los Angeles, CA

Bryan Centola
c/o Dianne J Hutchings TR

Los Angeles, CA

Bryan Centola
c/o Hutchings Family Trust

Los Angeles, CA

Bryan Centola
c/o Damiano Centola
Dianne J Hutchings TR

Los Angeles, CA

Bryan Centola
c/o Damiano Centola
Hutchings Family Trust

Los Angeles, CA

Damiano Centola
c/o Dianne J Hutchings TR

Los Angeles, CA

Damiano Centola
c/o Hutchings Family Trust

Los Angeles, CA

Damiano Centola
c/o Bryan Centola

Los Angeles, CA

Danyelle D. Ramirez
c/o Dianne J Hutchings TR

Los Angeles, CA

Danyelle D. Ramirez
c/o Hutchings Family Trust

## SCHEDULE C
(continued)

Los Angeles, CA

Danyelle D. Ramirez
c/o Bryan Centola

Los Angeles, CA

Recording Information: April 24, 2023 as Recording No. 20230262469, of Official Records
Return Address: Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Brett H. Ramsaur (SBN 281566)
Ramsaur Law Office
27075 Cabot Road, Suite 110
Laguna Hills, CA 92653

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee
c/o Ramsaur Law Office
27075 Cabot Rd, Ste 110
Laguna Hills, CA 92653

Dianne Hutchings

Victorville, CA

Recording Information: July 28, 2026 as Recording No. 20260554818, of Official Records
Return Address: Russell J. Singer
PO Box 485
Laguna Beach, CA 92652

# EXHIBIT C

Returned and Recorded Levy Materials - Ramirez

Selected source pages 1-2 and 11-18 from the Marshal's returned 18-page record follow. The occupant-service return is followed by the separate recorder-service return, recorder lead sheet, EJ-150, exact Attachment 1 and issued writ.

The recorder-service return is original source page 2. Other retained pages have an invisible OCR layer for filing searchability; the added recorder return is a scan without OCR. Home streets and ZIP codes are raster-redacted under C.D. Cal. L.R. 5.2-1; names, city/state, APN, legal description, operative text, signatures and recorded service information remain.

In the previously prepared EJ-150 copy, the flattened Print/Save/Clear viewer strip on page 2 was omitted; no form content was removed. This packet does not treat a recorder or occupant return as proof of service of a section 704.750 notice on the creditor.

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>Russell J. Singer, substituted Plaintiff/Judgment Creditor | COURT CASE NUMBER<br>2:22-cv-09142-RGK-JPR, 2:22-cv-09278-RGK-MAR |
| DEFENDANT<br>Dianne Hutchings; Danyelle Ramirez | TYPE OF PROCESS<br>Writs of Execution; Notices of Levy |

**SERVE AT** Occupant(s) in possession
[redacted] Los Angeles, CA [redacted] (APN 5465-009-016)

| | | |
|---|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW<br>Russell J. Singer<br>Assignee of Judgment Creditor, In Pro Per<br>PO Box 485<br>Laguna Beach, CA 92652 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*
SERVE occupant(s) in possession. Real-property levy on [redacted] Los Angeles, APN 5465-009-016. If no occupant is found, POST the Notices of Levy in a conspicuous place on the property per CCP 700.015. Property is believed occupied; best times are evenings and weekends. Please email date, time, and manner of service same-day to russell@adobejudgmentcollections.com.

| | | | |
|---|---|---|---|
| Signature of Attorney other Originator requesting service on behalf of:<br>Russell J. Singer | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(949) 513-0881 | DATE<br>8/20/26 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 12 | No. 12 | Shanena Sterling | 8/25/26 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| | | | |
|---|---|---|---|
| Name and title of individual served *(if not shown above)*<br>Feebe | Date<br>8/28/26 | Time<br>8:50 | ☒ am<br>☐ pm |
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

\# of DUSMS: 2
\# of hours for all DUSMS: 2
\# of round trip miles for all vehicles: 16

REC'D USMS C/CA - CIVIL
AUG 25 '26 PM2:18

Form USM-285
Rev. 03/21

3

EXHIBIT C

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Russell J. Singer, substituted Plaintiff/Judgment Creditor | 2:22-cv-09142-RGK-JPR; 2:22-cv-09278-RGK-MAR |
| DEFENDANT | TYPE OF PROCESS |
| Dianne Hutchings; Danyelle Ramirez | Notices of Levy - for recording |

**SERVE AT** Los Angeles County Registrar-Recorder/County Clerk
12400 Imperial Highway, Norwalk, CA 90650

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Russell J. Singer<br>Assignee of Judgment Creditor, In Pro Per<br>PO Box 485<br>Laguna Beach, CA 92652 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

RECORD the Notices of Levy against real property per CCP 700.015. Property: [redacted] Los Angeles, APN 5465-009-016, Lot 107 of Le Moyne Terraces Tract No. 2, Book 9, Page 118 of Maps. Recording fees enclosed. Please return conformed copies showing recording dates and instrument numbers, and email same-day to russell@adobejudgmentcollections.com.

| Signature of Attorney other Originator requesting service on behalf of | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Russell J. Singer (signature) | ☒ PLAINTIFF ☐ DEFENDANT | (949) 513-0881 | 8/20/26 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 12 | No. 12 | Shawna Sterling (signature) | 8/25/26 |

I hereby certify and return that I ☑ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | |
|---|---|---|---|
| Marcia Clerk | 8/28/26 | 10:55 | ☑ am ☐ pm |
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | | |
| | (signature) | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

- Levy 1 $129.00
- Levy 2 $129.00

# of DUSMS: 1
# of hours for all DUSMS: 2
# of round trip miles for all vehicles: 32

REC'D USMS C/CA - CIVIL
AUG 25 '26 PM2:20

Form USM-285
Rev. 03/21

4

This page is part of your document - DO NOT DISCARD

**20260647224**

Pages: 0008

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/28/26 AT 10:57AM

| | |
|---|---|
| FEES: | 54.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 129.00 |

LEADSHEET

202608283300024

**00026886260**

016355865

SEQ:
01

DAR - Counter (Upfront Scan)

THIS FORM IS NOT TO BE DUPLICATED

E653704

PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:

Russell J. Singer

AND WHEN RECORDED MAIL TO:

Russell J. Singer
Assignee of Judgment Creditor, In Pro Per
PO Box 485
Laguna Beach, CA 92652

08/28/2026

*20260647224*

THIS SPACE FOR RECORDER'S USE ONLY

NOTICE OF LEVY OF REAL PROPERTY LOCATED AT [redacted] LOS ANGELES, CA [redacted]

(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

9/95
Rec.Form #R25

After recording, return to

EJ-150

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NO.
NAME Russell J. Singer
FIRM NAME
STREET ADDRESS PO Box 485
CITY Laguna Beach STATE CA ZIP CODE 92652
TELEPHONE NO 949.280.4336 FAX NO.
EMAIL ADDRESS russell@adobejudgmentcollections.com
ATTORNEY FOR (name)
☐ ATTORNEY FOR ☐ ORIGINAL JUDGMENT CREDITOR ☒ ASSIGNEE OF RECORD

~~SUPERIOR COURT OF CALIFORNIA, COUNTY OF~~ USDC, CENTRAL DISTRICT OF CALIFORNIA
STREET ADDRESS 350 W. 1st Street
MAILING ADDRESS 350 W. 1st Street
CITY AND ZIP CODE Los Angeles, CA 90012
BRANCH NAME Western Division

FOR RECORDER'S USE ONLY

LEVYING OFFICER (name and address):
United States Marshals Service
350 W. 1st Street, Suite 3001
Attn: Civil Section
Los Angeles, CA 90012

PLAINTIFF/PETITIONER: Russell J. Singer, substituted Plaintiff/Judgment Creditor
DEFENDANT/RESPONDENT: Danyelle Ramirez

## NOTICE OF LEVY

under Writ of ☒ Execution (Money Judgment)
☐ Sale

LEVYING OFFICER FILE NO.:

COURT CASE NO.
2:22-cv-09278-RGK-MAR

**Note:** If you are notifying more than one judgment debtor, you must use a separate *Notice of Levy* for each judgment debtor.

TO THE PERSON NOTIFIED *(name):* Danyelle Ramirez

1. The judgment creditor seeks to take (levy upon) property that belongs to, or is partially owned by, the judgment debtor (named in item 1a) and use it to pay off (satisfy) a judgment as follows:
   a. Judgment debtor (name): Danyelle Ramirez
   b. The property to be levied upon is described *(check one):*
      ☐ in the attached writ of possession or writ of sale.
      ☒ on an attached sheet of paper labeled "Attachment 1."
      ☐ as follows:

REC'D USMS C/CA - CIVIL
AUG 25 '26 PM2:21

2. The judgment is for *(check one):*
   ☐ wages owed ☐ child/spousal support ☐ personal debt ☒ other *(specify):* money judgment - ch. 7 trustee
3. The amount necessary to satisfy the judgment creditor's judgment writ is

| | | |
|---|---|---|
| a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) | $ | 58,113.32 |
| b. Levy fee (Gov. Code, §§ 26720, 26721) | $ | |
| c. Sheriff's disbursement fee (Gov. Code, § 26746) | $ | |
| d. Recoverable costs (Code Civ. Proc., § 685.090) | $ | |
| e. Total *(a through d)* | $ | 58,113.32 |
| f. Daily interest from line 19a of writ (form EJ-130) | $ | 1.96 |

4. You are notified as *(check one):*
   a. ☒ a judgment debtor.
   b. ☐ a person other than the judgment debtor *(state capacity in which person is notified):*

***(Read "If You Are the Judgment Debtor" or "If You Are Not the Judgment Debtor" on page 2.)***

Notice of Levy was
☐ mailed on *(date):*
☒ delivered on *(date):* 8/28/26
☐ posted on *(date):*
☐ filed on *(date):*
☐ recorded on *(date):*

Date:
O. Runyon
Type or Print Name

[signature]
Signature
☒ Levying officer ☐ Registered process server

EJ-150

| Plaintiff/Petitioner: Russell J. Singer, substituted Judgment Creditor | CASE NUMBER |
|---|---|
| Defendant/Respondent: Danyelle Ramirez | 2:22-cv-09278-RGK-MAR |

## IF YOU ARE THE JUDGMENT DEBTOR:

1. The levying officer is required to take the property described in item 1 if you have it, control it, or the title is in your name.
2. You may be able to claim that your property is exempt (cannot be given to the judgment creditor). A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days of service if you were personally served with this notice, or within 20 days of service if you were served by mail.**
   - If this notice of levy is enforcing a judgment for personal debt, as defined in Code of Civil Procedure section 683.110(d), you can file a claim of exemption more than 20 days after this notice was mailed to you. However, the levying officer can give the property described in item 1 to the judgment creditor at any time after the 20-day period ends.
   - To claim an exemption, file *Claim of Exemption* (form EJ-160) with the levying officer. (Code Civ. Proc., § 703.520.)
   - If you mail form EJ-160 to the levying officer and the U.S. Postal Service (or other delivery service) assigns a tracking number, then the filing is considered complete on the date of the postmark. If you mail form EJ-160 without a tracking number, the filing is complete on the day the levying officer receives form EJ-160.
   - **If you do not file a claim of exemption on time, you may not be allowed to make the claim at a later time, and your property may be given to the judgment creditor. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**
3. If the property described in item 1 is a deposit account, the financial institution (such as a bank or credit union) must automatically protect a certain amount of money in the account before giving the money to the levying officer. Read "Information About Deposit Accounts" below.
4. You cannot claim an exemption for property that is being taken under a judgment for sale of property. This property is described in the writ of sale. However, if the judgment for sale of property also awarded damages or costs, you can claim available exemptions for property being taken to satisfy that part of the judgment.
5. You may get your property released if you pay the amount of the money judgment, including interest and unpaid costs.
6. If your property is being taken under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale. The property can be sold for less than it is worth. You will receive a notice of sale. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after you are served with this *Notice of Levy*. You can use this 120-day period to settle with the judgment creditor, find a buyer for the property, or encourage other potential buyers to attend the execution sale. All sales at an execution sale are final; there is no right of redemption.

## IF YOU ARE NOT THE JUDGMENT DEBTOR:

1. If you have or control the property listed in item 1, and you do not claim that you have a security interest in the property or the right to keep the property, you must give the property to the levying officer. If you do not dispute the levy or do not claim that you have priority over the judgment creditor's lien, you must pay to the levying officer the amount that is currently due and any amount that becomes due within two years after the writ of execution was issued. You must sign and provide any documents needed to transfer the property.
2. If you are a financial institution, you are required to apply exemptions to deposit accounts (described in the next section).
3. You must complete *Memorandum of Garnishee* (form EJ-152) and mail or deliver it to the levying officer within 10 days after you are served with this *Notice of Levy*.
4. If you claim ownership or the right to possession of the property listed in item 1, or if the property listed in item 1 is personal property and you claim a security interest in or lien on that property, you may make a third-party claim to release the property under Code of Civil Procedure sections 720.010–720.800.
5. **Make checks payable to the levying officer shown on page 1.**

## INFORMATION ABOUT DEPOSIT ACCOUNTS

1. If the levy is ***not*** for a judgment for wages owed, child or spousal support, or liability to the state government, then financial institutions must automatically protect money in a deposit account up to a certain dollar amount (this protection is called an "automatic exemption"). You do not have to file a claim of exemption to get this protection. (Code Civ. Proc., § 704.220.) The protected dollar amount is listed on *Current Dollar Amounts of Exemptions From Enforcement of Judgments* (form EJ-156).
2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits. (Code Civ. Proc., § 704.080.) Read form EJ-156 for the exemption amounts. If more than one exemption applies, the bank should apply the larger exemption. (Code Civ. Proc., § 704.220(b).)
3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may ask the court for an order deciding how to apply the exemption to those accounts under Code of Civil Procedure section 704.220(e). To ask for this order, file *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (Read form EJ-157-INFO for instructions.) Without a court order, the bank will choose how to apply the exemption to the accounts.

Russell J. Singer
PO Box 485
Laguna Beach, CA 92652
russell@adobejudgmentcollections.com
Tel. 949.280.4336
Assignee/Judgment Creditor, In Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL J. SINGER, substituted Plaintiff/Judgment Creditor<br><br>Plaintiff(s)<br><br>v.<br>DANYELLE RAMIREZ<br><br>Defendant(s) | CASE NUMBER<br>CV-22-09278-RGK-MAR<br><br>**WRIT OF EXECUTION** |

TO: **THE UNITED STATES MARSHAL FOR THE CENTRAL DISTRICT OF CALIFORNIA**

You are directed to enforce the Judgment described below with interest and costs as provided by law.

On October 26, 2022 a judgment was entered in the above-entitled action in favor of:

RUSSELL J. SINGER, substituted Plaintiff/Judgment Creditor per Order entered June 8, 2026 (judgment originally entered in favor of LENARD E SCHWARTZER, in his capacity as CHAPTER 7 TRUSTEE)

as Judgment Creditor and against:

DANYELLE RAMIREZ

as Judgment Debtor, for:

$ 54,986.08 Principal,
$ 0.00 Attorney Fees,
$ 0.00 Interest **, and
$ 0.00 Costs, making a total amount of
$ 54,986.08 **JUDGMENT AS ENTERED**

**NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.**



EXHIBIT C

WHEREAS, according to an affidavit and/or memorandum of costs after judgment it appears that further sums have accrued since the entry of judgment **in the** ______________ **District of Nevada**,
to wit:

$ 3,171.24 accrued interest, and
$ 0.00 accrued costs, making a total of
$ 3,171.24 **ACCRUED COSTS AND ACCRUED INTEREST**

Credit must be given for payments and partial satisfaction in the amount of $ 44.00 which is to be credited against the total accrued costs and accrued interest, with any excess credited against the judgment as entered, leaving a net balance of:

$ 58,113.32 **ACTUALLY DUE** on the date of the issuance of this writ of which
$ 54,986.08 Is due on the judgment as entered and bears interest at 1.30 percent per annum, in the amount of $ 1.96 per day, from the date of issuance of this writ, to which must be added the commissions and costs of the officer executing this writ.

CLERK, UNITED STATES DISTRICT COURT

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA
1278

Dated: 8-6-26

By: [signature]
Deputy Clerk
Chris Sawyer

CV-23 (6/01) **WRIT OF EXECUTION**

The following are name(s) and address(es) of the judgment debtor(s) to whom a copy of the Writ of Execution must be mailed unless it was served at the time of the levy. This information must be filled in by counsel requesting this writ.

Danyelle Ramirez
[redacted]
Lancaster, CA [redacted]

**NOTICE TO THE JUDGMENT DEBTOR**

You may be entitled to file a claim exempting your property from execution. You may seek the advice of an attorney or may, within ten (10) days after the date the notice of levy was served, deliver a claim of exemption to the levying officer as provided in Sections 703.510 - 703.610 of the California Code of Civil Procedure.



EXHIBIT C

**ATTACHMENT 1**
**DESCRIPTION OF PROPERTY LEVIED UPON**

Attached to and incorporated in *Notice of Levy* (form EJ-150).

**Judgment debtor:** Danyelle Ramirez
**Court case no.:** 2:22-cv-09278-RGK-MAR
**Assessor's Parcel Number:** 5465-009-016

All right, title, and interest of judgment debtor **Danyelle Ramirez** in and to the real property described below, being an undivided **twenty-five percent (25%)** interest therein:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 107 OF LE MOYNE TERRACES TRACT NO. 2, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 9 PAGE 118 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Purported street address [redacted] Los Angeles, California [redacted]

*Source of legal description: Litigation Guarantee No. LTTSG2601519, Exhibit A, Commonwealth Land Title Insurance Company, Date of Guarantee August 3, 2026.*

REC'D USMS C/CA - CIVIL
AUG 25 '26 PM2:21

# EXHIBIT D

## Bankruptcy Judgment — Danyelle Ramirez

District of Nevada adversary proceeding BK-S-21-01200-ABL; entered March 28, 2022.

*2:22-cv-09278-RGK-MAR*

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
March 28, 2022

Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com, (646) 517-5420
zachary@saracheklawfirm.com (646) 519-4396
*Special Litigation Counsel for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>WELSCORP, INC.<br><br>Debtor. | Case No. BK-S-19-18056-ABL **(Lead Case)**<br><br>**Consolidated under BK-S-19-18056-ABL with:**<br><br>Case No. BK-S-20-11597-ABL<br>Case No. BK-S-20-11211-ABL<br>Case No. BK-S-20-11215-ABL<br><br>Chapter 7 |
| ☐ Affects Einstein Sports Advisory Ltd.<br>☐ Affects QSA LLC<br>☐ Affects Wellington Sports Club, LLC<br>☐ Affects Welscorp, Inc.<br>☒ Affects All Debtors | |
| LENARD E. SCHWARTZER, in his capacity as CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>vs.<br><br>DANYELLE RAMIREZ<br><br>Defendant. | **ADVERSARY PROCEEDING**<br><br>Case No. BK-S-21-01200-ABL |

**JUDGMENT BY DEFAULT AGAINST DEFENDANT**
**<u>DANYELLE RAMIREZ</u>**

Based on the Chapter 7 Trustee Lenard E. Schwartzer's Motion for Default Judgment

Against Danyelle Ramirez (the "Motion for Default Judgment"), the hearing held on March 24, 2022 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment is granted in its entirety;

**IT IS FURTHER ORDERED** that the Plaintiff Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy case, shall recover from Defendant Danyelle Ramirez the amount of fifty-four thousand nine hundred eighty-six dollars and eight cents ($54,986.08).

**IT IS FURTHER ORDERED** that the Trustee is authorized to record this judgment and take any necessary actions to recover on it.

###

Submitted by:

*/s/ Zachary E. Mazur*
Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
*Special Litigation Counsel for*
*Lenard E. Schwartzer, Trustee*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

■ No party appeared at the hearing or filed an objection to the Motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# EXHIBIT E

## Operative Bankruptcy Complaint — Danyelle Ramirez

Attached to establish the substance of the judgment for the consumer-debt statement; not offered to relitigate the judgment.

*2:22-cv-09278-RGK-MAR*

Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com, (646) 517-5420
zachary@saracheklawfirm.com (646) 519-4396
*Special Litigation Counsel for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>WELSCORP, INC.<br><br>Debtor. | Case No. BK-S-19-18056-ABL **(Lead Case)**<br><br>**Consolidated under BK-S-19-18056-ABL with:**<br><br>Case No. BK-S-20-11597-ABL<br>Case No. BK-S-20-11211-ABL<br>Case No. BK-S-20-11215-ABL<br><br>Chapter 7 |
| ☐ Affects Einstein Sports Advisory Ltd.<br>☐ Affects QSA LLC<br>☐ Affects Wellington Sports Club, LLC<br>☐ Affects Welscorp, Inc.<br>☒ Affects All Debtors | |
| LENARD E. SCHWARTZER, in his capacity as CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>vs.<br><br>DANYELLE RAMIREZ<br><br>Defendant. | **ADVERSARY PROCEEDING**<br><br>Case No. BK-S-21- |

**ADVERSARY COMPLAINT FOR AVOIDANCE AND <u>RECOVERY OF TRANSFERS</u>**

Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee, alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1. At least since August 2014 until shortly before a number of creditors filed their involuntary petitions for Chapter 7 on December 20, 2019, (the “Initial Petition Date”)

Debtors Welscorp, Inc. and its co-debtor affiliates and principals (collectively, the "Debtors") were operated as a Ponzi scheme. As part of this fraud, Debtors John F. Thomas and Thomas Becker utilized the Debtor entities to raise nearly $30 million from approximately 600 investors (collectively, "Investors") as participants in ostensible online sports betting contracts.

2. Those Investors, many of whom were unsophisticated, often placed a substantial percentage of their net worth (including savings and retirement accounts) with the Debtors and now stand to lose their entire investment. The quality of the Investors' entire lives will likely be substantially and adversely affected by the fraud perpetrated by Thomas, Becker, the Debtors and their agents.

3. The Debtors transferred Investors' funds to various third parties for the purposes of perpetuating the fraud, as well as a means of enriching themselves with Investor funds. Danyelle Ramirez ("Ramirez" or "Defendant") was among the "net winners" in the Debtors' scheme, having received her principal investment back as well as fictitious "winnings."

4. The purpose of this lawsuit is to avoid and recover "net winnings"[1] previously paid to Defendant by reason of these activities, on the grounds that such payments were preferential, actually fraudulent, and/or constructively fraudulent.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to §§ 542, 544,

[1] The Trustee only seeks recovery from Defendant to the extent of his/her "net" winnings or profits, i.e. the amount that the transfers from the Debtors to Defendant exceed the amount invested.

547, 548, and 550 of the bankruptcy code and Rule 7001 of the Rules of Bankruptcy Procedure.

6. This action is a core proceeding under 28 U.S.C. § 157(b)(2). This action relates to the bankruptcy cases In Re Welscorp, Inc., *et al.* Case No: BK-S-19-18056-ABL (lead case) in the United States Bankruptcy Court for the District of Nevada. Venue is proper under 28 U.S.C. § 1409(b) because the amount being sought is over $25,000.

7. To the extent that the Trustee asserts claims under § 544(b) of the bankruptcy code, the Trustee is informed and believes and thereon alleges there exists in this case one or more creditors, holding unsecured claims allowable under § 502 of the bankruptcy code or that are not allowable only under § 502(e) thereof, which can avoid the respective transfers or obligations under Nevada or other applicable law.

8. Plaintiff hereby consents to the entry of a final order or judgment by the bankruptcy court, pursuant to Fed R. Bankr. P.7008(a) and Local Rule 7008.

## PARTIES

9. Plaintiff is Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee in *In Re Welscorp, Inc., et al.* Case No: BK-S-19-18056-ABL (lead case) in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy"), filed on December 20, 2019.

10. The Bankruptcy substantively consolidates the estates of Welscorp Inc. ("Welscorp"), Einstein Sports Advisory Ltd. ("Einstein"), QSA LLC ("QSA"), Wellington Sports Club LLC ("Wellington"), Vegas Basketball Club LLC ("Vegas Basketball"), Vegas Football Club LLC ("Vegas Football"), Boston Biometrics LLC ("Boston Biometrics"), Sports Psychometrics LLC ("Sports Psychometrics"), ESA Ltd., No-More-Bad-Hires, Inc. ("No-More-Bad-Hires"), Thomas Becker and John F. Thomas, III (aka Jonathan West) (collectively, the "Debtors").

11. Debtors Welscorp, QSA, Einstein, Boston Biometrics, Sports Psychometrics LLC, ESA Ltd., and No-More-Bad-Hires are Nevada limited liability companies, and Chapter 7 debtors herein.

12. Debtor Wellington is a Washington State limited liability company and a Chapter 7 debtor herein.

13. Debtors Vegas Basketball and Vegas Football are Wyoming limited liability companies, and Chapter 7 debtors herein.

14. Debtors John F. Thomas and Thomas Becker, both Chapter 7 debtors herein, are individuals residing in the State of Nevada.

15. On information and belief, Defendant Ramirez is an individual residing in Lancaster, California.

## FACTUAL BACKGROUND

***The Fraud***

16. From at least August 2014 through the present, and using nearly a dozen entities, Debtor principals John F. Thomas, III (aka John Rodgers, Jonathan West, John Frank and John Marshall) and Thomas Becker have raised at least $29.5 million from over 600 investors in more than 40 states.

17. John Thomas and Becker raised the funds by offering investors pooled investment contracts whereby they obtained the opportunity to share in purported profits generated from a proprietary sports betting system. Investors were enticed with the possibility of extraordinary returns. In reality, however, the entities used less than 15% of the capital raised to bet on sporting events. The rest was squandered and stolen by the Debtors' principals.

18. On August 30, 2019, the Securities and Exchange Commission ("SEC") filed a civil complaint in the U.S. District Court, District of Nevada, (the "SEC Action," *Securities and*

*Exchange Commission v. John Thomas et al*. Case no. 19-cv-01515, Hon. Andrew. P. Gordon) against Thomas, Becker, the Debtors (except No-More-Bad-Hires), and other related parties, alleging multiple securities violations.

19. In that complaint, included here as **Exhibit A**, the SEC describes a fraudulent Ponzi scheme whereby Thomas and Becker used the entities for their own personal gain.

20. An SEC forensic accountant discovered that only a small fraction of investor funds was actually used for sports betting. A larger part was used either to pay commissions to sales agents, to pay Thomas and Becker's personal expenses like rent and home renovations, siphoned off to entities like NMBH, or used to make Ponzi payments to earlier investors. (Decl. of Deborah Russell in Supp. of the SEC's Motion for Preliminary Injunction, ¶¶ 35-39, enclosed here as **Exhibit B**, without accompanying exbibits).

21. On December 4, 2019, Judge Gordon granted the SEC's motion for a preliminary injunction against the Debtors, enjoining them from defrauding more investors and placing an immediate freeze on their monies and assets. The asset freeze included non-party No-More-Bad-Hires. Since then, the SEC has obtained default and summary judgements against all defendants in that matter.

22. On December 20, 2019, three defrauded Investors in Welscorp filed an involuntary petition for Chapter 7 relief against that entity in the U.S. Bankruptcy Court for the District of Nevada, initiating the Bankruptcy. [Bankruptcy Dkt. No. 1] The original Bankruptcy matter would eventually be substantively consolidated with those of the rest of the Debtors on June 29, 2020. [Bankruptcy Dkt. No. 89]. This consolidation is effective as of the Welscorp petition date (December 20, 2019), and the Trustee is the duly appointed Chapter 7 trustee for the consolidated bankruptcy estate. *Id.*

23. On October 27, 2020, a Grand Jury indicted Debtors' principals John Thomas and Becker for conspiring to commit wire fraud and thirteen counts of wire fraud. (Indictment, enclosed here as **Exhibit C**). In the Indictment, the Grand Jury alleges that Thomas and Becker ran a Ponzi scheme. *Id.* ¶ 2.b.

24. Despite the success of the SEC action, despite the Indictment and despite the relief granted by the Bankruptcy, Investors in the Debtor entities have been left destitute, many having lost their life savings. The Trustee has not been able to locate any substantial assets of the Debtors. It is possible that the only assets of the consolidated Bankruptcy estate consist of causes of action against transferees, similar to the one described in the instant complaint.

***The Transfers***

25. On information and belief, Defendant Danyelle Ramirez was among the investors that were "net winners" in the Debtors Scheme. As part of their scheme, Debtors would let some investors take home fictitious "winnings" in the hopes that they would become agents to entice new investors to participate. A schedule of the known transfers made to Defendant in the four years prior to the Initial Filing Date is included herein as **Exhibit D**.

26. Plaintiff is informed and believes and thereupon alleges that within the four years preceding the Initial Petition Date, Defendant received net transfers totaling not less than $54,986.08[2] (the "Net Transfers"), without having provided reasonable value to the Debtors.

//

//

//

[2] Exhibit D shows that in the four-year lookback period, Defendant received $105,000 from the Debtors and contributed $50,013.92 into the Debtors' accounts. Recognizing the existence of a potentially valid, partial defense, the Trustee only seeks to recover the transfers to Defendant that are net Defendant's contribution (the Net Transfers).

## FIRST CLAIM FOR RELIEF:

***Avoidance and Recovery of Actual Intent Voidable Transactions - State Law***

27. Plaintiff realleges and incorporates herein Paragraphs 1 through 26, as if fully set forth herein.

28. The Net Transfers constituted transfers of the Debtors' property.

29. The Net Transfers were made by the Debtors with actual intent to hinder or delay or defraud their creditors insofar as the services allegedly provided in exchange for such transfers (if any) perpetuated a Ponzi scheme.

30. The Net Transfers were made to or for the benefit of Defendant.

31. Each Debtor that made any of the Net Transfers had at least one creditor with an allowable unsecured claim for liabilities, which claim remained unsatisfied as of the Petition Date.

32. The Net Transfers are avoidable under applicable law - Nev. Rev. Stat. Ann. § 112.180(1)(a) and/or comparable provisions of law in other jurisdictions that have adopted the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act or the Uniform Fraudulent Conveyance Act - by a creditor holding an allowed unsecured claim and thus by Plaintiff pursuant to Bankruptcy Code section 544(b).

33. As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 544(b), 550(a), and 551: (a) avoiding the Net Transfers free and clear of any claimed interest of Defendant, (b) directing that the Net Transfers be set aside, (c) recovering such Net Transfers or the value thereof from Defendant for the benefit of the Bankruptcy Estate, and (d) declaring the Net Transfers to have been derived from a Ponzi Scheme which was fraudulent for purposes of 11 U.S. Code § 523.

## SECOND CLAIM FOR RELIEF

***Avoidance and Recovery of Constructive Voidable Transactions - State Law***

34. Plaintiff realleges and incorporates herein Paragraphs 1 through 33, as if fully set forth herein.

35. The Net Transfers constituted transfers of the Debtors' property.

36. The Net Transfers were made by the Debtors for less than reasonably equivalent value at a time when the Debtors (i) were insolvent; and/or (ii) were engaged or was about to engage in business or a transaction for which any capital remaining with the Debtors were an unreasonably small capital; and/or (iii) intended to incur, or believed that it would incur, debts beyond their ability to pay as such debts matured.

37. The Net Transfers were made to or for the benefit of Defendant.

38. At the time of and/or subsequent to each of the Net Transfers, each Debtor that made any of the Net Transfers had at least one creditor with an allowable unsecured claim for liabilities, which claim remained unsatisfied as of the Petition Date.

39. The Net Transfers are avoidable under applicable law — Nev. Rev. Stat. Ann. § 112.180(1)(a) and/or comparable provisions of law in other jurisdictions that have adopted the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act or the Uniform Fraudulent Conveyance Act – by a creditor holding an allowed unsecured claim and thus by Plaintiff pursuant to Bankruptcy Code section 544(b).

40. As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 544(b), 550(a), and 551: (a) avoiding the Net Transfers free and clear of any claimed interest of Defendant, (b) directing that the Net Transfers be set aside, and (c) recovering such Net Transfers or the value thereof from Defendant for the benefit of the Bankruptcy Estate.

**PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Plaintiff requests that the Court enter judgment:

(1) On all claims for relief, (a) avoiding the Net Transfers free and clear of any interest of Defendant, (b) directing that the Net Transfers be set aside, and (c) ordering Defendant to pay to Plaintiff $54,986.08, and (d) declaring the Net Transfers to have been derived from a Ponzi Scheme which was fraudulent for purposes of 11 U.S. Code § 523.

(2) On all claims for relief, awarding Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper.

Dated this 29th day of October 2021.

*/s/ Zachary E. Mazur*
Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
*Special Litigation Counsel for*
*Lenard E. Schwartzer, Trustee*

# EXHIBIT F

## Assessor and Tax Source Extracts

Danyelle Ramirez proceeding — APN/AIN 5465-009-016 / 5465009016.

Prepared extracts of official online responses; not a County certificate or certified payoff.

These selected fields come from the preserved County responses retrieved September 11, 2026. The records, their retrieval dates and limitations are identified on the following pages.

Private home street addresses and ZIP codes, payment PINs, coordinates and temporary signed-download tokens are omitted. These records do not establish occupancy or current trust powers.

F-1: Assessor parcel and regular-roll fields. F-2: Payment history. F-3: Available annual bills, source limits and estimate.

# Assessor Parcel and Regular Roll

Official responses retrieved September 11, 2026; parcel record effective 09/05/2026.

https://portal.assessor.lacounty.gov/api/parceldetail?ain=5465009016
https://portal.assessor.lacounty.gov/api/parcel_assessmenthistory?ain=5465009016

| County field | Value returned |
|---|---|
| AIN | 5465009016 |
| UseType / ParcelStatus | Single Family Residence / ACTIVE |
| TaxStatus / TaxRateArea | CURRENT / 00004 |
| Parcel Exemption | None |
| TaxYear / BillNumber / BillType | 2026 / 2260000 / Regular Roll Bill |
| DateCreated / DateToAuditor | 06/30/2026 / 06/25/2026 |
| HomeOwnerExemption | $0 |
| RealEstateExemption | $0 |
| Fixture / personal property exemptions | $0 / $0 |
| ExemptionKey / ExemptionStatus | (blank) / None |
| 2026 land / improvements | $320,001 / $143,544 |
| 2026 combined assessed value | $463,545 |
| 2025 land / improvements | $313,727 / $140,730 |
| 2025 combined assessed value | $454,457 |

The retrieved records display no positive homeowner or real-estate exemption amount and no identified exemption claimant. They do not return a separately labeled disabled-veteran field. The application states what these records indicate, not that the County certified the absence of every pending or unposted exemption claim.

Assessed value is not fair market value. TaxStatus CURRENT is a displayed field, not a certified payoff.

# Tax Payment History

Retrieved September 11, 2026 at 7:46 a.m. PDT. County response last updated 2026-09-10.

Source: https://ttc.lacounty.gov/property-tax-payment-history/
Public endpoint: https://ttc.lacounty.gov/wp-admin/admin-ajax.php

Query: action=phf_fetch_data; ain=5465009016; page=1; pageSize=100; printAll=1, with the public-page request token. The successful response returned 23 records. The selected rows below are tax year 2025, sequence 000.

| Payment date | Installment | Tax paid | Penalty / cost |
|---|---|---|---|
| 10/23/2025 | 1 | $2,800.44 | $0 / $0 |
| 12/31/2025 | 2 | $1,000.00 | $0 / $0 |
| 03/18/2026 | 2 | $1,800.43 | $0 / $0 |
| Total | | $5,600.87 | $0 / $0 |

The three reported payments total $5,600.87 and agree with the 2025–2026 annual bill. This is not a current tax payoff or a certification that all supplemental, escaped, defaulted or later taxes are satisfied. Older transactions in the source response are not reproduced here.

# Annual Bills and Source Limitations

Retrieved September 11, 2026 at 7:46 a.m. PDT.

Source form: https://ttc.lacounty.gov/request-duplicate-bill/
POST results: https://ttc.lacounty.gov/secured-property-tax-results
Query: ain=5465009016 and the current Unix-seconds timestamp.

| Bill type | Tax year |
|---|---|
| Annual | 2025–26 |
| Annual | 2024–25 |
| Annual | 2023–24 |
| Annual | 2022–23 |

No 2026–2027 annual bill was listed in that response. This establishes its absence from this lookup, not that no tax lien exists or that the County has not calculated an amount.

The returned 2025–2026 annual bill identifies AIN 5465-009-016 and states total annual taxes of $5,600.87, split into $2,800.44 and $2,800.43 installments. Payment PIN and signed-download token are not reproduced.

County guidance: https://ttc.lacounty.gov/secured-property-taxes-general-information/

The County describes annual-bill preparation and mailing in October and availability of current-year amounts through its referenced inquiry from October 1 through June 30. This general guidance is not a parcel payoff.

Estimate used in the application: $5,600.87 × ($463,545 ÷ $454,457) = $5,712.87335, rounded to $5,712.87. This is preparer arithmetic, not a County bill. Direct assessments, voted debt and supplemental or escaped assessments may not vary in that proportion. The estimate does not state that additional assessments are zero.

# EXHIBIT G

## Official 2022 Federal Postjudgment Interest Rates

Relevant 2022 page from the official United States Bankruptcy Court for the District of Nevada reference table. Under 28 U.S.C. section 1961, the Federal Reserve rate and statute control if the table contains any discrepancy. Included to disclose and resolve the issued-writ rate conflict.

*2:22-cv-09278-RGK-MAR*

## POST-JUDGMENT INTEREST RATES - 2022

To find the applicable interest rate, select the week preceding the date of judgment (or the date interest would otherwise apply). If your judgment date is the same as the release date, you should select the prior week's release, as the releases are considered to be issued at the close of the business on the date of release.

| Week Ending | Rate (%) | Judgments Entered Between |
|---|---|---|
| 01/07/2022 | 0.41 | Jan 10, 2022 – Jan 16, 2022 |
| 01/14/2022 | 0.48 | Jan 17, 2022 – Jan 23, 2022 |
| 01/21/2022 | 0.58 | Jan 24, 2022 – Jan 30, 2022 |
| 01/28/2022 | 0.69 | Jan 31, 2022 – Feb 6, 2022 |
| 02/04/2022 | 0.80 | Feb 7, 2022 – Feb 13, 2022 |
| 02/11/2022 | 0.98 | Feb 14, 2022 – Feb 20, 2022 |
| 02/18/2022 | 1.08 | Feb 21, 2022 – Feb 27, 2022 |
| 02/25/2022 | 1.14 | Feb 28, 2022 – Mar 6, 2022 |
| 03/04/2022 | 1.02 | Mar 7, 2022 – Mar 13, 2022 |
| 03/11/2022 | 1.15 | Mar 14, 2022 – Mar 20, 2022 |
| 03/18/2022 | 1.30 | Mar 21, 2022 – Mar 27, 2022 |
| 03/25/2022 | 1.55 | Mar 28, 2022 – Apr 3, 2022 |
| 04/01/2022 | 1.67 | Apr 4, 2022 – Apr 10, 2022 |
| 04/08/2022 | 1.77 | Apr 11, 2022 – Apr 17, 2022 |
| 04/15/2022 | 1.81 | Apr 18, 2022 – Apr 24, 2022 |
| 04/22/2022 | 1.96 | Apr 25, 2022 – May 1, 2022 |
| 04/29/2022 | 2.03 | May 2, 2022 – May 8, 2022 |
| 05/06/2022 | 2.10 | May 9, 2022 – May 15, 2022 |
| 05/13/2022 | 2.00 | May 16, 2022 – May 22, 2022 |
| 05/20/2022 | 2.11 | May 23, 2022 – May 29, 2022 |
| 05/27/2022 | 2.02 | May 30, 2022 – Jun 5, 2022 |
| 06/03/2022 | 2.14 | Jun 6, 2022 – Jun 12, 2022 |
| 06/10/2022 | 2.34 | Jun 13, 2022 – Jun 19, 2022 |
| 06/17/2022 | 2.94 | Jun 20, 2022 – Jun 26, 2022 |
| 06/24/2022 | 2.83 | Jun 27, 2022 – Jul 3, 2022 |
| 07/01/2022 | 2.85 | Jul 4, 2022 – Jul 10, 2022 |

| Week Ending | Rate (%) | Judgements Entered Between |
|---|---|---|
| 07/08/2022 | 2.86 | Jul 11, 2022 – Jul 17, 2022 |
| 07/15/2022 | 3.11 | Jul 18, 2022 – Jul 24, 2022 |
| 07/22/2022 | 3.12 | Jul 25, 2022 – Jul 31, 2022 |
| 07/29/2022 | 3.01 | Aug 1, 2022 – Aug 7, 2022 |
| 08/05/2022 | 3.12 | Aug 8, 2022 – Aug 14, 2022 |
| 08/12/2022 | 3.28 | Aug 15, 2022 – Aug 21, 2022 |
| 08/19/2022 | 3.25 | Aug 22, 2022 – Aug 28, 2022 |
| 08/26/2022 | 3.33 | Aug 29, 2022 – Sep 4, 2022 |
| 09/02/2022 | 3.48 | Sep 5, 2022 – Sep 11, 2022 |
| 09/09/2022 | 3.62 | Sep 12, 2022 – Sep 18, 2022 |
| 09/16/2022 | 3.91 | Sep 19, 2022 – Sep 25, 2022 |
| 09/23/2022 | 4.08 | Sep 26, 2022 – Oct 2, 2022 |
| 09/30/2022 | 4.07 | Oct 3, 2022 – Oct 9, 2022 |
| 10/07/2022 | 4.15 | Oct 10, 2022 – Oct 16, 2022 |
| 10/14/2022 | 4.38 | Oct 17, 2022 – Oct 23, 2022 |
| 10/21/2022 | 4.57 | Oct 24, 2022 – Oct 30, 2022 |
| 10/28/2022 | 4.56 | Oct 31, 2022 – Nov 6, 2022 |
| 11/04/2022 | 4.74 | Nov 7, 2022 – Nov 13, 2022 |
| 11/11/2022 | 4.73 | Nov 14, 2022 – Nov 20, 2022 |
| 11/18/2022 | 4.65 | Nov 21, 2022 – Nov 27, 2022 |
| 11/25/2022 | 4.76 | Nov 28, 2022 – Dec 4, 2022 |
| 12/02/2022 | 4.73 | Dec 5, 2022 – Dec 11, 2022 |
| 12/09/2022 | 4.72 | Dec 12, 2022 – Dec 18, 2022 |
| 12/16/2022 | 4.66 | Dec 19, 2022 – Dec 25, 2022 |
| 12/23/2022 | 4.64 | Dec 26, 2022 – Jan 1, 2023 |
| 12/30/2022 | 4.73 | Jan 2, 2023 – Jan 8, 2023 |

# EXHIBIT H

## One-Page Record-Book Excerpt — Book 808, Page 126 of Official Records

Exact one-page record image returned by the document link embedded in title-search Schedule B items 4 and 5. The page shows the deed from The Hellman Commercial Trust and Savings Bank to Matt Baumgartner, the utility reservation, the referenced City of Los Angeles canal right, and no recorder return address. The top contains the end of a preceding instrument, and an intervening recorded-at-request-of-grantee notation cannot safely be assigned to either instrument from this image alone. An invisible OCR layer was added for filing searchability. The deed contains historical discriminatory covenant language that is reproduced only as record evidence, is not endorsed, and is not represented as enforceable.

*2:22-cv-09278-RGK-MAR*

tors, executors, successors and assigns of all and each of the parties hereto. This Deed of Trust shall not be effective unless Prior to its Recordation, the trust is accepted by the Trustee, under its corporate name and seal, by a duly authorized Official thereof.

The words "Trustor," "Beneficiary," and "Maker," wherever used in this instrument, shall be construed to include the plural as well as the singular number. Witness the hands of the Trustor, the day and year first above written.

Robert E. Peirson.
Rebecca L. Peirson.

The foregoing trust is hereby accepted.

(Corporate Seal)

TITLE INSURANCE AND TRUST COMPANY,
By W. W. Powell, Assistant Trust Officer.

STATE OF CALIFORNIA, County of Los Angeles, ) SS. On this 4th day of January, 1922, before me, T. C. Gould, a Notary Public in and for said County, personally appeared Robert E. Peirson and Rebecca L. Peirson, his wife known to me to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same.

Witness my hand and official seal.

(Notarial Seal) T. C. Gould, Notary Public in and for the County of Los Angeles, State of California. My Com. Exp. June 16, 1924.

#776 Copy of original recorded at request of Grantee, JAN 7 1922 at 36 Min. Past 10 A.M.
Copyist #69 Compared C. L. Logan, County Recorder, By [signature] Deputy

U.S.I.R.S. $.50 Cancelled. DEED

The Hellman Commercial Trust and Savings Bank, a corporation organized and existing under the laws of the State of California, for and in consideration of ($10.00) Ten Dollars to it in hand paid, the receipt of which is hereby acknowledged, does hereby grant to Matt Baumgartner all that real property situated in the City of Los Angeles, County of Los Angeles, State of California, described as follows: Lot One-Hundred Seven (107) of Le Moyne Terraces, No. 2 as per map recorded in Book 9, Page 118 of Maps, Records of said County (sometimes known as Rainbow Crest) SUBJECT TO: Second installment of taxes for the fiscal year 1921-22. Reserving the right to enter upon, erect, construct, maintain and operate telephone, telegraph and electric light and power poles along the rear line of said lot and to enter upon, lay, construct, maintain and operate sewer, gas and water pipes and mains and telephone conduits in, upon, over, along and across a strip three feet in width along the entire rear line and along the side lines of said lot or lots, and a right of way for the purpose of constructing a canal for conducting water from the Los Angeles River to and through the City of Los Angeles as granted to said City by deed, recorded in Book 61, Page 208 of Deeds. PROVIDED, however, that this conveyance is made and accepted upon the following express conditions, which shall apply to and be binding upon the grantee, his heirs, devisees, executors, administrators and assigns, namely: That said property shall not at any time be leased, sold, devised, conveyed or otherwise become the property of or ever be used or occupied by any person of either the Negro, African or Asiatic races. That there may be erected and maintained on said premises a temporary structure to be used for residence purposes, provided that the same shall be located within a distance of twenty (20) feet from the rear line of said premises, said temporary structure must be painted or stained if constructed of wood. PROVIDED, further that all and each of the restrictions, conditions and covenants herein contained shall in all respects terminate and end, and be of no further effect, either legal or equitable, on any property in said tract or on the parties hereto, their heirs, assigns or successors in interest, on and after January 1st, 1942. It being understood, however, that any and all forfeitures or reversions or breach of any of said conditions committed or suffered, prior

EXHIBIT H — H-1

# EXHIBIT I

June 8, 2026 substitution order, ECF No. 26 in No. 2:22-cv-09142-RGK-JPR. The order addresses the related judgments, including Ramirez.

Source document follows in full. Supplied copy contains highlighting; it is not part of the court's text.

Public-filing copy; source text and existing highlighting are preserved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09142-RGK-JPR<br>2:22-cv-09186-RGK-MAR<br>2:22-cv-09278-RGK-MAR | Date | June 8, 2026 |
| Title | ***In Re: Welscorp, Inc.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Motions to Substitute Russell J. Singer as Assignee of Judgment Pursuant to FRCP 25(c) [19]**

On December 22, 2025, Lenard E. Schwartzer and Russell J. Singer executed an assignment of judgments in which Lenard E. Schwartzer, as Plaintiff/Judgment Creditor, assigned his interest in the judgments of three cases to Russell J. Singer. Russell J. Singer now moves to be substituted as Plaintiff in these three cases. (Case No. 2:22-cv-09142-RGK-JPR, ECF No. 19; Case No. 2:22-cv-09186-RGK-MAR, ECF No. 14; Case No. 2:22-cv-09278-RGK-MAR, ECF No. 18.) The Court, having considered the Motions of Russell J. Singer to substitute as assignee of the judgment and successor in interest pursuant to Federal Rule of Civil Procedure 25(c), the Memorandum of Points and Authorities, the Declaration of Russell J. Singer, the exhibits thereto, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that the Motions are **GRANTED.**

In case number 2:22-cv-09142-RGK-JPR, Russell J. Singer is hereby substituted as Plaintiff/Judgment Creditor in place of Lenard E. Schwartzer, Chapter 7 Trustee, for all purposes of post-judgment enforcement, including writs of execution and abstracts of judgment, as to the $119,988.23 judgment against Dianne Hutchings.

In case number 2:22-cv-09186-RGK-MAR, Russell J. Singer is hereby substituted as Plaintiff/Judgment Creditor in place of Lenard E. Schwartzer, Chapter 7 Trustee, for all purposes of post-judgment enforcement, including writs of execution and abstracts of judgment, as to the $20,000 judgment against Bryan Centola and the $35,405.98 judgment against Oomph Mode, Inc.

In case number 2:22-cv-09278-RGK-MAR, Russell J. Singer is hereby substituted as Plaintiff/Judgment Creditor in place of Lenard E. Schwartzer, Chapter 7 Trustee, for all purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09142-RGK-JPR<br>2:22-cv-09186-RGK-MAR<br>2:22-cv-09278-RGK-MAR | Date | June 8, 2026 |
| Title | ***In Re: Welscorp, Inc.*** | | |

post-judgment enforcement, including writs of execution and abstracts of judgment, as to the $54,986.08 judgment against Danyelle Ramirez.

The Clerk of the Court shall edit the docket to substitute Rusell J. Singer as Plaintiff in all three cases.

**IT IS SO ORDERED.**

: 

Initials of Preparer JRE/sh

# EXHIBIT J

March 24 2022 Bankruptcy Judgment

Bryan Centola and Oomph Mode Inc
Separate awards; only the $20,000 Centola award is included
in the related individual judgment calculation.

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
March 24, 2022

Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
joe@saracheklawfirm.com, (646) 517-5420
zachary@saracheklawfirm.com (646) 519-4396
*Special Litigation Counsel for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>WELSCORP, INC.<br><br>Debtor. | Case No. BK-S-19-18056-ABL **(Lead Case)**<br><br>**Consolidated under BK-S-19-18056-ABL with:**<br><br>Case No. BK-S-20-11597-ABL<br>Case No. BK-S-20-11211-ABL<br>Case No. BK-S-20-11215-ABL |
| ☐ Affects Einstein Sports Advisory Ltd.<br>☐ Affects QSA LLC<br>☐ Affects Wellington Sports Club, LLC<br>☐ Affects Welscorp, Inc.<br>☒ Affects All Debtors | Chapter 7 |
| LENARD E. SCHWARTZER, in his capacity as CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN CENTOLA AND OOMPH MODE, INC.<br><br>Defendants. | **ADVERSARY PROCEEDING**<br><br>Case No. BK-S-21-01226-ABL |

**JUDGMENT BY DEFAULT AGAINST DEFENDANTS**
**BRYAN CENTOLA AND OOMPH MODE, INC.**

Based on the Chapter 7 Trustee Lenard E. Schwartzer's Motion for Default Judgment Against Bryan Centola and Oomph Mode, Inc. (the "Motion for Default Judgment"), the Affidavit of Marc B. Ross in Support of the Motion, the hearing held on March 22, 2022 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment is granted in its entirety;

**IT IS FURTHER ORDERED** that the Plaintiff Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy case, shall recover from Defendant Bryan Centola the amount of twenty thousand dollars ($20,000.00).

**IT IS FURTHER ORDERED** that the Plaintiff Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee in the above-captioned bankruptcy case, shall recover from Defendant Oomph Mode, Inc. the amount of thirty-five thousand four hundred five dollars and ninety-eight cents ($35,405.98).

**IT IS FURTHER ORDERED** that the Trustee is authorized to record this judgment and take any necessary actions to recover on it.

**IT IS FURTHER DETERMINED** that this judgment is for the recovery of money that was obtained by Defendants using false pretenses, false representations, or actual fraud for purposes of 11 U.S. Code § 523(a)(2).

###

Submitted by:

_/s/ Zachary E. Mazur_
Joseph E. Sarachek, (NY Bar No. 2163228) *pro hac vice*
Zachary E. Mazur, (NY Bar No. 5706726) *pro hac vice*
Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, New York 10583
*Special Litigation Counsel for*
*Lenard E. Schwartzer, Trustee*

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

■ No party appeared at the hearing or filed an objection to the Motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# EXHIBIT K

## Supplemental Title Correspondence and Executed Litigation Guarantee Application

**Ramirez action - Case No. 2:22-cv-09278-RGK-MAR**

Concerning Commonwealth Guarantee No. LTTSG2601519, effective August 3, 2026, and the dwelling in Los Angeles, California, APN 5465-009-016.

The next page contains prepared, typeset transcriptions of selected August 19-20, 2026 email excerpts. They are identified excerpts of the new messages, not original email facsimiles; quoted prior-message chains, signatures, and routine footers are omitted. Subject-line residential street addresses and ZIP codes are redacted; line wrapping and typographic spacing are normalized.

The final two pages reproduce the signed two-page Application attached as CCF_001785.pdf to Russell Singer's August 19, 2026, 5:04 p.m. email to Pat Hilyard, with Scott Allen copied. The Application bears Russell J. Singer's signature dated August 19, 2026. Residential street-address and ZIP-code pixels are removed from this public copy; the remaining source content, including the signature, is preserved.

These supplemental records do not amend Schedule A, remove Schedule B exceptions, extend the guarantee date, establish current ownership, or certify coverage validity. The title-search extracts in Exhibit B are preserved. The Application in the originally supplied guarantee copy was blank. The executed Application and acknowledgment are supplied as separate evidence of the subsequent submission.

Source email dates below are Pacific Daylight Time (UTC-07:00). Prepared September 12, 2026.

# PREPARED EMAIL EXCERPTS

Typeset transcriptions of selected new-message content; not original email facsimiles. No quoted prior-message chain is reproduced.

## 1. Pat Hilyard - vesting explanation

**Date:** August 19, 2026, 4:39:39 p.m. PDT
**From:** "Hilyard, Pat" <Pat.Hilyard@ltic.com>
**To:** Scott Allen <scott@adobejudgmentcollections.com>
**Cc:** Russell Singer <RussellSinger@gmail.com>
**Subject:** RE: Subject: Order No. LTTSG2601519 - [residential street address redacted], Los Angeles, CA [ZIP code redacted]

Hi Scott,

See items 6, 7, 9, 10, 11, 12, 13 and 14. We don't vest thru if the deeds aren't insured.

Selection note: This excerpt is limited to the vesting explanation. A separate sentence concerning another question about persons listed on a judgment is omitted. No present-ownership or judgment-party conclusion is drawn from this excerpt.

## 2. Russell Singer - transmittal of signed Application

**Date:** August 19, 2026, 5:04:25 p.m. PDT
**From:** Russell Singer <russellsinger@gmail.com>
**To:** "Hilyard, Pat" <Pat.Hilyard@ltic.com>
**Cc:** Scott Allen <scott@adobejudgmentcollections.com>
**Subject:** Re: Subject: Order No. LTTSG2601519 - [residential street address redacted], Los Angeles, CA [ZIP code redacted]

Hi Pat,
Thank you for all of your assistance. Please see attached;
hope it was completed okay.
Best Regards,
Russell

Attachment identified in the source message: CCF_001785.pdf (two pages), reproduced on the following pages with the stated residential redactions.

## 3. Pat Hilyard - acknowledgment

**Date:** August 20, 2026, 8:36:01 a.m. PDT
**From:** "Hilyard, Pat" <Pat.Hilyard@ltic.com>
**To:** Russell Singer <russellsinger@gmail.com>
**Cc:** Scott Allen <scott@adobejudgmentcollections.com>
**Subject:** RE: Subject: Order No. LTTSG2601519 - [residential street address redacted], Los Angeles, CA [ZIP code redacted]

Good Morning Russell,

Thank you.

## CLTA Guarantee Form No. 1: Litigation Guarantee Application

### APPLICATION FOR THE ISSUANCE OF A LITIGATION GUARANTEE

Applicant, for the purpose of proposed or active litigation, is in the process of investigating certain matters affecting title to an estate or interest in the Land as described below. As a component of that investigation, Applicant hereby requests the Company to furnish Applicant with a Litigation Guarantee, which is to be prepared and issued by the Company in accordance with the specifications herein.

1. Amount of Liability: $ 300,000.00

   **Note:** The requested Amount of Liability should be commensurate with the value of the subject of the litigation.

2. Name of Assured: Russell J. Singer

   **Note:** The Assured can either be a party, or parties, to the litigation, or their attorney.

3. The estate or interest in the Land that is the subject of this guarantee is:

   A Fee

   **Note:** Specify fee, leasehold, easement, or some combination thereof.

4. The Land is located in Los Angeles (City), Los Angeles County, California (State), and is described as follows (to be identified by address, or tax identification number, or legal description):

   [redacted] Los Angeles, CA [redacted] APN 5465-009-016;

   Lot 107 of Le Moyne Terraces Tract No. 2, Book 9, Page 118 of Maps.

5. Purpose of the litigation:

   Real-property levy under federal writs of execution against Dianne Hutchings (50% undivided interest) and Danyelle D. Ramirez (25% undivided interest), limited to their respective interests in [redacted] APN 5465-009-016.

   **Note:** Be as specific as possible, and include, as appropriate: names of adverse parties, along with identification of adjacent lands they own, if applicable; recording information or other identifier of document/interest that is the subject of the litigation (e.g. mechanics' lien, abstract of judgment, deed, deed of trust, easement, etc.); any other pertinent information.

6. The Assurances of this guarantee will be based upon documents recorded in the Public Records between the following designated Start Date and the Date of Guarantee:

   Start Date: 01/02/1947 - 08/03/2026

   **Note:** The Start Date must be designated as either a specific date or a certain identifiable event.

7. BY THE EXECUTION AND SUBMISSION OF THIS APPLICATION TO THE COMPANY, APPLICANT ACKNOWLEDGES AND SUBMITS:

   a. The Company has no obligation to consider matters outside the scope of what is described in the Application, and the Company has no liability except as expressly provided in this guarantee.

   b. This guarantee is not valid, and the Company has no liability thereunder, unless a complete and executed version of this Application is attached to the guarantee.

APPLICANT CERTIFIES THAT THEY HAVE READ AND UNDERSTAND ALL OF THE TERMS, LIMITATIONS AND CONDITIONS OF THIS APPLICATION.

Executed this 19 day of August 20 26.

Russell J. Singer
Name of Applicant

[signature]
Signature of Applicant

# EXHIBIT L

Current Los Angeles County Assessor Parcel Record — prepared extract

| | |
|---|---|
| **Source** | Los Angeles County Assessor Portal, https://portal.assessor.lacounty.gov/ |
| **Retrieved** | October 2, 2026 |
| **Assessor records effective** | September 25, 2026 |
| **AIN / APN** | 5465-009-016 |
| **Situs** | 471 Canyon Vista Drive, Los Angeles, California 90065-3912 |
| **Parcel status** | ACTIVE |
| **Use type** | Single Family Residence |
| **Tax status** | CURRENT |
| **Exemption** | None |
| **2026 current-roll total** | $463,545 |
| **Case** | 2:22-cv-09278-RGK-MAR |

This is a prepared extract of the official online response, not a County certificate, ownership certification, or certified tax payoff. The public portal does not display a mailing address for the assessee.

# EXHIBIT M

## United States Marshals Service Email

**From:** "Sterling, Shanena (USMS)" <Shanena.Sterling@usdoj.gov>
**To:** Scott Allen <scott@adobejudgmentcollections.com>
**Date:** Thursday, September 17, 2026, 8:11 a.m. PDT
**Subject:** RE: [EXTERNAL] Levies on 471 Canyon Vista Drive, Los Angeles, CA 90065,
**Gmail message ID:**1a0afec3fe3df552

Good morning,

I can confirm that the filed applications have been received, physical forms will not be needed. We will be mailing the notices of levy with the EJ-160, 165, and 155 only. Would you like for us to include copies of the applications as well?

Thank you,

Shanena Sterling
Civil (Contractor)
United States Marshals Service
Central District of California
Office: (213) 620-8310
Email: shanena.sterling@usdoj.gov

*Prepared from the exact Gmail message headers and new-message text; quoted prior correspondence omitted.*

# EXHIBIT N

## October 1, 2026 Local Rule 7-3 Conference Letter and Certified-Mail Receipt

The letter copy bears its original internal pre-mailing status label. The certified-mail receipt and the declaration establish mailing.

The recipient's home street address and ZIP code are redacted from the public filing copy under L.R. 5.2-1.

**FINAL DRAFT — NOT SENT**

Russell J. Singer

P.O. Box 485

Laguna Beach, California 92652

Telephone: (949) 280-4336

russell@adobejudgmentcollections.com

October 1, 2026

BY FIRST-CLASS MAIL

Danyelle D. Ramirez

[redacted]

Lancaster, California [redacted]

Copy also mailed to: Danyelle D. Ramirez, [redacted], Los Angeles, California [redacted]

**Re: Singer v. Ramirez (In re Welscorp, Inc.), U.S. District Court, Central District of California, Case No. 2:22-cv-09278-RGK-MAR — Request to confer under Local Rule 7-3 before filing a noticed application for order for sale of dwelling (471 Canyon Vista Drive, Los Angeles; APN 5465-009-016)**

Dear Ms. Ramirez:

I am the judgment creditor in the case named above. On March 28, 2022, the United States Bankruptcy Court for the District of Nevada entered a judgment against you for $54,986.08. The judgment was registered in the United States District Court for the Central District of California on October 26, 2022, and the Court substituted me as judgment creditor on June 8, 2026 (ECF No. 23). A writ of execution issued on August 6, 2026, and the United States Marshal levied on your interest in the real property at 471 Canyon Vista Drive, Los Angeles, California, on August 28, 2026.

On September 15, 2026, I filed an application for an order for sale of that dwelling under California Code of Civil Procedure sections 704.740 through 704.780. On September 21, 2026, the Court denied that application on a procedural ground only, because it was presented on an ex parte basis (ECF No. 31). The Court did not decide the merits.

I intend to re-file the application as a regularly noticed application on or about October 8, 2026, for hearing before the Honorable R. Gary Klausner, Courtroom 850, 255 East Temple Street, Los Angeles, California 90012, on Monday, November 9, 2026, at 9:00 a.m., or on such later date as the Court sets. The application will first ask the Court to issue an order to show cause and set a hearing under California Code of Civil Procedure section 704.770. Only after that hearing, and after the findings the statute requires, will it ask the Court to order the sale of your 25 percent interest in the property.

Local Rule 7-3 of the Central District of California requires the parties to confer, in person, by telephone, or by video, at least seven days before a motion is filed. This letter asks for that conference. Please call me at (949) 280-4336 or email me at russell@adobejudgmentcollections.com as soon as possible, and in any event by October 5, 2026, so that we can schedule a telephone or video conference at a time convenient to you. We can discuss the application, any claim of homestead exemption, the amount of the judgment, and any possible resolution.

A state statute (Code of Civil Procedure section 704.750) sets a short deadline for this application, so I may not be able to wait seven days after a conference before filing. If a conference cannot be held at least seven days before I file, I will ask the Court to excuse strict compliance with Local Rule 7-3 and will tell the Court exactly what I did to arrange the conference.

You may wish to consult an attorney. Nothing in this letter waives any right of either party.

Sincerely,

Russell J. Singer

Judgment Creditor, in pro per

# EXHIBIT N

**Certified Mail Receipt - October 1, 2026**

Recipient: Danyelle Ramirez, Lancaster, California; home street address and ZIP code redacted under L.R. 5.2-1



U.S. Postal Service™
CERTIFIED MAIL® [redacted]
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Lancaster, CA [redacted] AL USE

Certified Mail Fee
$ $5.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$ $0.82

Total Postage and Fees
$

0500
11

Postmark Here

OCT 01 2026
CA 92625

10/01/2026

Sent To
Danyelle Ramirez

[redacted]

PS Form [redacted]

# EXHIBIT O

October 1, 2026 U.S. Marshals Service confirmation letter
and source email.

Email text is reproduced with message headers; quoted older correspondence omitted.

**U.S. DEPARTMENT OF JUSTICE**
United States Marshals Service
*Central District of California*
*Civil Section, Room 3001*
*350 W. 1st Suite 3001, Los Angeles, CA 90012*

October 1, 2026

TO: Adobe Judgment
303 Broadway Street
#204-1
Laguna Beach, CA 92651

RE: **Case No: 2:22-cv-09142-RGK-JPR and 2:22-cv-09278-RGK-MAR**

**Case Name:** RUSSELL J. SINGER v. DIANE HUTCHINGS and RUSSELL J. SINGER v. DANYELLE RAMIREZ

In answer to your inquiry; our office can confirm the real property levies for the above-mentioned cases **(Hutchings, USMS file D12-CV-23-000058 and Ramirez, USMS file D12-CV-23-000060)** remain active and have not been released, and no release is pending as a result of the Court's September 21 order (ECF No. 33). Our office will accept and keep the re-filed applications in our levy files. At your earliest convenience, you may email the re-filed applications to our civil division email address cac.civilpauper@usdoj.gov

Respectfully,

USMS Civil Division
Central District of California

# EXHIBIT O — USMS EMAIL

Email message; quoted earlier correspondence omitted. Message body reproduced below from the source mailbox.

From: "Sterling, Shanena (USMS)" <Shanena.Sterling@usdoj.gov>
To: Scott Allen <scott@adobejudgmentcollections.com>
Subject: RE: [EXTERNAL] Levies on 471 Canyon Vista Drive, Los Angeles, CA 90065,
Date: Thu, 1 Oct 2026 18:39:31 +0000

Good morning Mr. Allen,

Please find attached the confirmation in writing. The USMS file number for the Ramirez levy is D12-CV-23-000060.

Thank you,

Shanena Sterling
Civil (Contractor)
United States Marshals Service
Central District of California
Office: (213) 620-8310
Email: shanena.sterling@usdoj.gov<mailto:shanena.sterling@usdoj.gov>

# EXHIBIT P

## Lawyers Title Publication Date-Down Endorsement

Litigation Guarantee No. LTTSG2601519; dated October 2, 2026.

The endorsement reports no later public-record matter affecting the guarantee other than the Ramirez and Hutchings execution levies recorded August 28, 2026.

## ENDORSEMENT -CLTA G22.1

## PUBLICATION

Attached to Guarantee Number:

**LTTSG2601519**

Issued By:

Commonwealth™
LAND TITLE INSURANCE COMPANY

Charge: $0.00

Ref. No.: 471 CANYON VISTA

The Company hereby assures that, subsequent to the Date of the Guarantee issued under the above number, no matters are shown by the Public Records which would affect the assurances in Schedule A of the guarantee other than the following:

1. A writ of execution levied upon the interest of the judgment debtor shown below

| | |
|---|---|
| Debtor: | Danyelle Ramirez |
| Creditor: | Russell J. Singer |
| Date entered: | August 28, 2026 |
| County: | Los Angeles |
| Court: | USDC, Central District of California |
| Case No.: | 2:22-cv-09278-RGK-MAR |
| Amount: | $58,113.32 |
| Recording Date: | August 28, 2026 |
| Recording No: | 20260647224 |

Mail to:
Russell J. Singer
Assignee of Judgment Creditor, in
Pro Per
PO Box 485
Laguna Beach, CA 92652

2. A writ of execution levied upon the interest of the judgment debtor shown below

| | |
|---|---|
| Debtor: | Dianne Hutchings |
| Creditor: | Russell J. Singer |
| Date entered: | August 28, 2026 |
| County: | Los Angeles |
| Court: | USDC, Central District of California |
| Case No.: | 2:22-cv-09142-RGK-JPR |
| Amount: | $126,642.00 |
| Recording Date: | August 28, 2026 |
| Recording No: | 20260647247 |

Mail to:
Russell J. Singer
Assignee of Judgment Creditor, in
Pro Per
PO Box 485
Laguna Beach, CA 92652

The total liability of the company under this guarantee and endorsement shall not exceed, in the aggregate, the liability amount stated in said guarantee.

Attached to Guarantee No. LTTSG2601519

This endorsement is made a part of the guarantee and is subject to the exceptions, exclusions from coverage, the limits of liability and the conditions, except as modified by the above-mentioned provisions.

**Commonwealth Land Title Insurance Company**

Dated: October 2, 2026

Countersigned By:

Macs Lucero, County Manager
Authorized Officer or Agent

# EXHIBIT Q

U.S. Marshals Service Notice to Judgment Creditor of Levy on Dwelling

Singer v. Hutchings, 2:22-cv-09142-RGK-JPR

USMS File No. D12-CV-23-000058

Dated and mailed September 17, 2026.

Original completed notice follows; the companion Ramirez notice remains unlocated.

| LEVYING OFFICER (name and address): | LEVYING OFFICER FILE NO.: |
|---|---|
| United States Marshals Service<br>350 W. 1st St., Suite 3001<br>Los Angeles, CA 90012 | D12-CV-23-000058<br><br>**COURT CASE NO.:**<br>2:22-cv-09142-RGK-JPR |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Judgment Creditor:** Russell J. Singer

**Judgment Debtor:** Dianne Hutchings

**Case No.:** 2:22-cv-09142-RGK-JPR

# NOTICE TO JUDGMENT CREDITOR OF LEVY ON DWELLING

(Code of Civil Procedure section 704.750, subdivision (a))

**TO:** Russell J. Singer, Judgment Creditor, P.O. Box 485, Laguna Beach, CA 92652

**Property levied upon:** The interest of judgment debtor Dianne Hutchings in the dwelling located at 471 Canyon Vista Drive, Los Angeles County, California, Assessor's Parcel No. 5465-009-016.

**Date of levy:** August 28, 2026

**NOTICE IS GIVEN** that the levy on the property described above has been made under the writ of execution issued in the case above, and that **the property will be released unless the judgment creditor complies with the requirements of Code of Civil Procedure section 704.750.** Within 20 days after service of this notice, the judgment creditor must apply to the court for an order for sale of the dwelling and must file a copy of the application with the levying officer. If the judgment creditor does not file the copy of the application for an order for sale of the dwelling within the allowed time, the levying officer will release the dwelling.

**Date of notice:** 9/17/26

**SERVICE ON JUDGMENT CREDITOR (completed by levying officer)**

[X] By first-class U.S. mail, postage prepaid, addressed to the judgment creditor at the address above.
Date of mailing: 9/17/26 Place of mailing (city and state): Los Angeles, CA

[ ] By personal delivery to the judgment creditor.
Date: ________________ Place: ________________

A. CORTES, SPSS
Name and title of levying officer

A. Cortes
Signature

9/17/2026
Date